UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GANEL POUDY,

      Plaintiff,

v.                    Case No: 2:17-cv-715-FtM-99CM

TEXAS ROADHOUSE MANAGEMENT
CORP., a Foreign Profit
Corporation,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #10) filed on January 5, 2018. Defendant filed a Response in Opposition (Doc. #13) on January 18, 2018. Plaintiff seeks to remand the case back to the Lee County Circuit Court arguing that defendant has failed to establish that the amount in controversy exceeds $75,000. The Court agrees.

## I.

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal, Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003), and defendant must show by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount, Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In doing so,

defendant may use affidavits, declarations, or other documentation. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

## II.

The parties do not dispute the diversity of their citizenship, and the Notice of Removal alleges that the parties are citizens of different States. (Doc. #1, p. 3; Doc. #10, p. 3.) The only issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs, when the pleading only contains an unspecified demand for damages in state court.

### 1. Notice of Removal

On December 22, 2017, defendant filed a Notice of Removal (Doc. #1) asserting that the addition of two counts in an amended pleading greatly increased the amount in controversy and made the case removable. Specifically, defendant argues that the addition of a claim under the Florida Civil Rights Act, which authorizes back pay, front pay, compensatory damages, and reasonable attorney's fees and costs, increased the potential damages in excess of $75,000. (Id., p. 4.) Defendant calculated the

potential lost wages as $29,640, and front pay as approximately $14,820. This provides a total of $44,460. (Id., p. 6.) This estimate is not disputed by plaintiff. Defendant states that a "conservative estimate" of compensatory damages would be $25,000, without any factual support, and estimates attorney's fees will be $40,000, because they "routinely exceed $40,000" in the Southern District of Florida.[1] (Id., p. 7.) Defendant did not supplement the Notice of Removal with any supporting documents or affidavits.

**2. Amended Complaint**

In the Amended Complaint (Doc. #2-2), plaintiff Ganel Poudy seeks relief under the State of Florida's Constitution (minimum wage), Florida common law (breach of contract), and under the Florida Civil Rights Act of 1992 (FCRA) for discriminatory practices.

In Count I, plaintiff alleges that on or about July 24, 2014, and continuing until on or about January 12, 2017, plaintiff worked as a prep cook for defendant Texas Roadhouse Management Corp., and defendant failed to and refused to pay minimum wage for all the hours worked. More specifically, the Manager and Assistant Manager kept plaintiff's timecard and would not allow him to clock

---

[1] The prevailing market is the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

in and out.  Plaintiff alleges violations of the wage and hour laws of the State of Florida, and seeks injunctive and declaratory relief, compensation for unpaid wages, liquidated damages, and attorney fees and costs.  Paragraphs 19 through 21 delineate the differences in the minimum wages for each time period plaintiff worked.  (Id., ¶¶ 9-12, 15-16, 18-23.)  In Count II, plaintiff seeks damages for a breach of oral contract to perform as a prep cook for pay.  Plaintiff was terminated, and not paid fully for all hours worked while employed as agreed.  Plaintiff seeks compensation for the wages due and owing, prejudgment interest, and a reasonable attorney's fee.  (Id., ¶¶ 25-27, 29, 31.)

In Count III, plaintiff alleges discrimination based on his race, color, and national origin.  During plaintiff's employment, he was promoted to prep cook because he was a good worker.  In November 2015, a new Hispanic Manager was hired who reduced plaintiff's hours considerably, and made plaintiff do work before he clocked in and after he clocked out without pay.  Two other Haitian employees also had their hours reduced.  On January 12, 2017, the Manager told plaintiff that he did not want to deal with Haitians, and he had "two Spanish ladies" to do his job.  Plaintiff was constructively discharged based on his national origin of Haiti, his race, and color, and defendant took no action to stop the discrimination.  Plaintiff alleges irreparable injury and

monetary damages, and seeks declaratory and injunctive relief, and reasonable attorney fees. (Id., ¶¶ 34-44.) As compensatory damages, plaintiff seeks lost "wages and all other sums of money, including, but not limited to retirement benefits, accrued sick pay, health insurance, life insurance, disability insurance, all fringe benefits, and all other employment benefits which were lost, together with said amounts and interest for the injuries suffered as a result of Defendant violations of the FCRA." (Id., ¶ 44c.)

### 3. Compensatory Damages

Under the FCRA, a plaintiff in a civil action may be awarded back pay, and "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. § 760.11(5). Plaintiff seeks back pay and compensatory damages, along with reasonable attorney fees, however there are no allegations in the Amended Complaint to suggest that plaintiff is seeking or entitled to a large amount of compensatory damages. The Court notes that plaintiff did not respond to the issue of the compensatory damages in the motion to remand.

Defendant argues that the $25,000 in compensatory damages was actually "too conservative" and plaintiff likely seeks far more than $25,000. Defendant relies solely on a list of cases in Florida federal courts to support the argument that discrimination

cases "routinely exceed $75,000", and the compensatory damages could be as high as $500,000.  (Doc. #13, p. 5.)  If the Court were to extrapolate from other cases, it would be purely speculative and the amount in controversy would always exceed $75,000.  See, e.g., Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753 (11th Cir. 2010) (facts in other cases "tell us nothing about the value of the claims in this lawsuit"); Ponce v. Fontainebleau Resorts, LLC, 653 F. Supp. 2d 1297, 1305 (S.D. Fla. 2009) ("Indeed, citation to authority alone may not suffice even to meet the preponderance-of-the-evidence standard." (citation omitted)).

In any event, the cases cited by defendant do not lend support as they are distinguishable.  In Munoz, a 64 year old room service waiter was terminated after receiving his first reprimand 27 years into his employment.  A jury rendered a verdict that included $150,000 in compensatory damages for emotional distress and dignitary injury after hearing his testimony.  Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1349 (11th Cir. 2000).  Reilly was a denial of defendant's motion for judgment as a matter of law, and the $75,000 mental anguish award against a state agency was subject to a statutory cap.  Reilly v. Duval Cty. Pub. Sch., No. 3:04-CV-1320-J-32MCR, 2007 WL 2120547, at *1 (M.D. Fla. July 23, 2007).  In Bernstein, the court granted a remittitur and reduced

an award of damages for emotional pain and mental anguish to $75,000 because the evidence was fairly weak and mostly based on Bernstein's own "conclusory testimony about her general distress." Bernstein v. Sephora, Div. of DFS Grp. L.P., 182 F. Supp. 2d 1214, 1228 (S.D. Fla. 2002).

The Archer citation is a "Verdict and Settlement Summary" rendered on May 23, 2001, indicating that the jury awarded $500,000 in emotional pain and mental anguish damages to a 60 year old male who suffered a heart attack and was terminated upon return from an extended leave of absence for surgery to unblock his arteries. The Judge reduced the verdict to $344,051, and a motion for remittitur was stated as still pending. Archer v. Aaron Rents, Inc., d/b/a Mactavish Furniture Indus., 01 FJVR 08-43, 2001 WL 1047650 (N.D. Fla.). A review of the docket on PACER reveals that the $500,000 was awarded under the Americans with Disabilities Act, and reduced because of a $300,000 statutory maximum. The court granted remittitur and reduced the emotional pain and mental anguish portion of damages to $75,000. Archer v. Aaron Rents, Inc., d/b/a Mactavish Furniture Indus., Case No. 4:00cv335-RH, Doc. #97 (N.D. Fla. Dec. 21, 2001). Plaintiff did not accept or reject the remittitur as a settlement was reached and the case dismissed. Id., Doc. #100. In Copley, a case under 42 U.S.C. § 1981, the court reduced the emotional pain and mental anguish award

to $100,000.  <u>Copley v. BAX Glob., Inc.</u>, 97 F. Supp. 2d 1164 (S.D. Fla. 2000).  <u>Copley</u>'s lost wages amounted to $20,000, and he secured a higher paying job within two months of his termination. <u>Hudson v. Chertoff</u>, 473 F. Supp. 2d 1286, 1291 (S.D. Fla. 2007) (distinguishing <u>Copley</u>).

In one exceptional case, the court found that $457,000 was not unreasonable because "[t]he firing of a 50-year-old employee and corresponding disruption of a 27-year career to satisfy the clearly illegal desire of a supervisor to bring in "young fresher blood" and get rid of the "old, more tired people" undoubtedly causes substantial mental and emotional damages."  <u>Hill v. Xerox Corp.</u>, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998).

Based on the available facts alleged in the Amended Complaint, there is no allegation of emotional pain and mental anguish to support $25,000, let alone $457,000.  Since compensatory damages could be as little as $1.00, the $25,000 is arbitrary and the Court cannot engage in "unabashed guesswork."  <u>Lowery v. Alabama Power Co.</u>, 483 F.3d 1184, 1211 (11th Cir. 2007).

**4. Attorney Fees**

Under the FCRA, "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal

case law involving a Title VII action." Fla. Stat. § 760.11(5). "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000). It is undisputed that the FCRA provides for the recovery of reasonable fees, and therefore attorney's fees may be considered as part of the amount in controversy.

Defendant argues that plaintiff has been litigating his wage claim since March 2017, when he filed a prior action that was voluntarily dismissed, and a conservative estimate of fees accrued as of the date of removal would be $11,250.00 based on a rate of $375 an hour for 30 hours, with attorney fees through trial likely reaching at least $40,000. Defendant argues that the matter is unsettled on whether all attorney fees through trial should be considered, or only the fees as of the time of removal. The Eleventh Circuit may not have addressed the issue, but most courts have held that only attorney fees up to the time of removal are included. See Frisher v. Lincoln Benefit Life Co., No. 13-20268-CIV, 2013 WL 12092525, at *4 (S.D. Fla. Aug. 19, 2013) (collecting cases); Miller Chiropractic & Med. Centers, Inc. v. Progressive Select Ins. Co., No. 8:16-CV-3034-T-33MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016) (collecting cases). The Court finds no reason to deviate from these cases.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In this case, the Court is unlikely to consider hours expended during a prior case that was voluntarily dismissed. Further, the hourly rate of $375.00 would be above or on the higher end of local prevailing rates, and the cases cited by defendant were both mutual settlements. Even if the Court were to accept defendant's estimate of $11,250, this would only bring the total to $55,710.00 before compensatory damages.

**5. Conclusion**

Even if the Court accepts $44,460 as the amount for back pay and front pay, and $11,250 as the amount for attorney fees, the compensatory damages would have to be more than $19,290, and the allegations in the Notice of Removal and Complaint do not support such a large award for compensatory damages. Based on the limited information available, the Court finds that defendant has failed to meet its burden to demonstrate that subject-matter jurisdiction exists.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #10) is **GRANTED.** The Clerk is **directed** to remand the case to the Circuit Court

of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

2. The Clerk is further **directed** to terminate all pending motions and deadlines, and to close the case.

   **DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record